[Argued November 21, 1892; decided December 19, 1892.]

## SCHOOL DISTRICT NO. 70 *v.* ELIZABETH PRICE

[S. C. 31 Pac. Rep. 657.]

1. DISPUTED BOUNDARIES — EQUITY JURISDICTION — QUESTIONS OF TITLE.—
Under sections 506 and 507, Hill's Code, allowing a suit in equity to determine disputed boundary lines between adjoining landowners, the court has no jurisdiction to determine the title to land; and therefore it cannot determine a claim of title by adverse possession to the land between the lines claimed by the respective parties to be the correct lines: *Love* v. *Morrill*, 19 Or. 545 ( 24 Pac. Rep. 916 ); *Miner* v. *Caples, post* ( 31 Pac. Rep. 655 ), and *King* v. *Brigham*, 23 Or. 262 (18 L. R. A. 361; 31 Pac. Rep. 601 ), approved and followed.

2. APPEAL AND ERROR.— In a suit to fix a boundary line, where the decree is reversed because the evidence is largely directed to the issue of title which could not properly be tried in such a suit, the cause will be remanded to enable the parties to segregate the evidence, where it is so intermingled that the reviewing court cannot do so, and, if necessary, to adduce new evidence bearing on the proper issue.

Multnomah County: LOYAL B. STEARNS, Judge.

Suit by School District No. 70 against Elizabeth Price to determine a disputed boundary line under Code, §§ 506, 507. From a decree for defendant, plaintiff appeals. Reversed.

*Thomas N. Strong*, for Appellant.

*Cicero M. Idleman*, for Respondent.

LORD, C. J.—This is a suit brought to ascertain and fix the boundary line between the Jacob Wills donation

land claim and the George Wills donation land claim, so far as the same forms a common boundary between the lands of the plaintiff and the defendant. For brevity, we may say that the proper allegations are made in the complaint to bring the cause within the statute. The defendant in her answer admits that she owns the lands adjacent to the land described and set out in the complaint, makes no denial of the fact that the boundary line has become uncertain, and sets up the boundary and dividing line between the lands of plaintiff and herself as she claims it to be. For a further and separate answer, the defendant sets up that she has for more than ten years been in the open, adverse, and exclusive possession of the land lying between the two lines claimed to be the correct lines by the respective parties. The reply denied the new matter alleged. It is enough to say, that upon the issues thus joined the cause was referred to Lydell Baker, Esq., as referee, who found the facts upon adverse possession to be as claimed by the defendant, and as conclusion of law that the plaintiff was barred from setting up title to the strip of land lying between the two lines already designated.

1. It thus appears that there was presented by the pleadings (1) an issue for the ascertainment and location of the disputed boundary line between the contiguous lands of the plaintiff and defendant, and (2), as a separate defense, an issue of title by adverse possession of the land lying between the two lines already described. And it further appears by the record, that while there was taken and submitted some evidence by the respective parties as to the location of the boundary line as each claimed it to be, the evidence of the plaintiff was mainly directed to sustaining, and the testimony of the defendant to negativing, the issue raised by adverse possession. On this issue the referee, and the court, upon the confirming of his report, proceeded to try and determine the case, adjudging title by adverse possession to the defendant. Manifestly, this was an exercise of jurisdiction by a court

of equity not authorized by the statute, and in conflict with the construction given to it in *Love* v. *Morrill*, 19 Or. 545 (24 Pac. Rep. 916); *King* v. *Brigham*, 23 Or. 262 (31 Pac. Rep. 601; 18 L. R. A. 361).

While the statute authorizes a court of equity to ascer tain and fix boundary lines between adjacent lands which are confused and controverted, it plainly limits its jurisdiction to the ascertainment of boundary.   Upon the theory that anciently the jurisdiction of chancery extended over lost or confused boundaries, and that the legislature may, when such boundaries are confused and disputed, provide special tribunals, or confer jurisdiction upon some court to ascertain and fix them, the power conferred by the statute may be maintained, although it embraces a class of cases not ordinarily included within that jurisdiction, because there was a remedy at law : *Perry* v. *Pratt*, 31 Conn. 441; *Love* v. *Morrill*, 19 Or. 545; *King* v. *Brigham*, 23 Or. 262; Tyler, Boundaries, 256.   But the exercise of the jurisdiction conferred by the statute is confined to the ascertainment of disputed boundaries, and cannot be exerted to usurp the place of an action to recover real property or to determine title.   While in the case at bar the court might have ignored or on suggestion have stricken out the issue as to title by adverse possession, and confined its jurisdiction, and compelled the respective parties to limit their evidence, to the ascertainment of the disputed boundary tendered by the pleadings, yet, instead of doing this, it tried and adjudged a question relating purely to the legal title lying between the two lines stated.   This cannot be done.   To allow it, would violate the right of trial by jury secured by the constitution.   As the existence or establishment of boundary lines between the owners of adjacent lands is generally a question of fact for the determination of a jury in the ordinary course of law, it is difficult enough, as the case of *King* v. *Brigham*, 23 Or. 262 (31 Pac. Rep. 601; 18 L. R. A. 361), illustrates, to sustain the jurisdiction of a court of equity to ascertain and fix boundary, under

the statute, when confined to uncertain and disputed boundaries, without extending it to the determination of title. As BEAN, J., said: "It was not the intention of the statute to withdraw cases relating purely to the legal title of land from the ordinary tribunals of law": *Love* v. *Morrill, supra.*

2. As there is tendered an issue by the pleadings upon which the court might have proceeded to try and determine the case as to the location of the disputed boundary, without regard to the issue of adverse possession, we have examined the record for the purpose of ascertaining whether the evidence relating to this issue might be readily segregated from the evidence relating to adverse possession, so as to enable us to pass upon it and direct the location of the boundary between the adjacent lands, but we find it so intermingled and involved with the issue of adverse possession, that it is not possible to do it satisfactorily. As the parties may desire to try the case upon the issue for the ascertainment of the boundary line, and may be able to select and agree upon such portions of the testimony in the record as they regard relevant for that purpose, and perhaps to put in further testimony, we shall reverse the decree, and remand the cause for such further proceedings, not inconsistent with this opinion, as may be deemed just and equitable.