### McFARLANE v. McFARLANE.

[73 Pac. 203, 75 Pac. 139.]

Modifying Divorce Decree—Service by Publication.

1. Where service of the summons in a divorce suit has been made by publication, and the defendant has not appeared, no decree can be rendered that will bind the defendant personally, in the absence of some statutory provision or reservation in the decree, except that the marriage is ended. In such cases decrees cannot be entered awarding to the successful party, costs, for example, or alimony, or attorney's fees, divorces being *quasi in rem* only as to the marital status, but otherwise *in personam*.

Statutory Power to Modify Decree as to Alimony or Costs.

2. Section 514, B. & C. Comp., providing for a modification of divorce decrees at any time so far as they affect the maintenance of either party, does not authorize

the revision of such decrees by adding requirements for the payment of items like alimony, costs, or attorney's fees, where the decree was entered without an appearance by the defendant.

MODIFYING DIVORCE DECREE AS TO MAINTENANCE OF CHILDREN.*

3. Under Section 514, B. & C. Comp., authorizing the modification of divorce decrees at any time after their rendition, in so far as they provide for the custody, nurture, and education of minor children, courts may subsequently, on proper notice, require parties in fault to contribute to the future support of their minor children, and to pay a reasonable sum for their past support, as the duty of the parents to care for and educate their offspring is not affected by a divorce.

APPEAL—REMANDING TO ADD PARTIES OR EVIDENCE.

4. Where it appears in an equity suit that the disputed matters cannot be satisfactorily determined by the appellate court because of the condition of the record, as, because of the absence of parties, or because certain evidence has not been taken, the court may, at its discretion, remand the cause for further consideration by the trial court rather than enter a final decree.

STATUTE GOVERNING FILING OF COST BILLS IN SUPREME COURT.

5. Section 568, B. & C. Comp., governs the practice as to taxation of costs and disbursements in the supreme court, by analogy, there being no special statute on the subject.

WHEN JUDGMENT OF SUPREME COURT IS RENDERED.

6. A judgment of the supreme court is final when the decision is announced, or, in other words, that is the date of the "rendition" of the judgment or decree, within the meaning of Section 568, B. & C. Comp., as amended by Laws 1903, p. 209, and the time then begins to run against the right to file a cost bill.

TIME ALLOWED FOR FILING COST BILLS IN SUPREME COURT.

7. Where the taxable costs and disbursements can be ascertained at the time a case is decided the cost bill must be filed within the time limited by statute, in default of which it may be stricken from the files. In this case the successful party could have computed the taxable charges when the judgment was rendered, and should have filed the cost bill within five days thereafter, as required by Section 568, B. & C. Comp., as amended by Laws 1903, p. 209; but not having done so, either within five days or the first day of the next term, the costs must be disallowed.

---

* NOTE.— As to the right to a supplemental decree compelling a parent against whom a divorce has been granted to support minor children of the parties to the divorce, see *McKay* v. *Superior Court*, 40 L. R. A. 585; *Alexander* v. *Alexander*, 45 L. R. A. 806; *Streitwolf* v. *Streitwolf*, 45 L. R. A. 842.

In cases where a decree of divorce does not award the custody of the minor children of the parties or provide for their support, the father is liable for their support during minority: *Gilley* v. *Gilley*, 1 Am. St. Rep. 307, but, see *Foss* v. *Hartwell*, 37 L. R. A. 589.

Where a divorce decree awards the custody of minor children to the mother, but does not adjudge against either party the expense of their support, there is an implied promise by the father to bear such expense, which may be enforced by an original action independent of the divorce proceeding: *Pretzinger* v. *Pretzinger*, 4 Am. St. Rep. 542; *Re Zilley*, 40 L. R. A. 579; *Gibson* v. *Gibson*, 40 L. R. A. 587. See, also, *Keller* v. *St. Louis*, 47 L. R. A. 391.

To the effect that under such circumstances the mother or other person furnishing support to a minor child of the divorced parties cannot maintain an action against the father therefor, on an implied promise, see *Hall* v. *Green*, 47 Am. St. Rep. 311 (distinguishing *Gilley* v. *Gilley* in the same state), and note; *Ramsey* v. *Ramsey*, 6 L. R. A. 682; *Fulton* v. *Fulton*, 29 L. R. A. 678, 49 Am. St. Rep. 720 (distinguishing *Prietzinger* v. *Prietzinger*, in the same state); *Brown* v. *Smith*, 30 L. R. A. 680; *Foss* v. *Hartwell*, 37 L. R. A. 589, 60 Am. St. Rep. 366.— REPORTER.

From Marion: REUBEN P. BOISE, Judge.

Appeal by defendant A. McFarlane from an order allowing a modification of a divorce decree on plaintiff's motion. After the decision a cost bill was filed and a motion made to strike it from the files.

REVERSED: MOTION TO STRIKE ALLOWED.

For appellant there was a brief and an oral argument by *Mr. Peter H. D'Arcy* and *Mr. George G. Bingham.*

For respondent there was a brief over the names of *Woodson T. Slater, William M. Kaiser,* and *Bonham & Martin,* with an oral argument by *Mr. Kaiser* and *Mr. B. F. Bonham.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a proceeding to alter a decree. The facts are that on February 24, 1899, the plaintiff commenced in the circuit court for Marion County a suit against the defendant for the dissolution of the marriage contract existing between them, in which she demanded one third of his real property, particularly describing it, $1,000 as permanent alimony, $200 as attorney's fees, and $50 per month for the support of their minor children. The defendant having left the state prior to the commencement of such suit, the summons was served by publication, and, not having returned or answered, a decree was rendered March 24, 1902, dissolving the bonds of matrimony, awarding the plaintiff the custody of the minor children, one third of said real property, and her costs and disbursements, without other relief. Neither party appealing from said decree, the plaintiff intermarried with one W. D. Claggett, and on February 5, 1903, filed a petition in the original suit, stating in effect the facts hereinbefore detailed, and that the defendant, before the said suit was brought, collected about $5,000 in money and went to Ontario, Canada, leaving her and their minor children, Robert, Edna, and

Albert, 17, 11, and 8 years old respectively, without money or means of support, and remained out of the state more than three and one half years, and until said divorce was granted; that since the defendant's said departure from the state he has never aided in the maintenance of his minor children, though amply able so to do, and plaintiff has been compelled to support them, at an expense of $50 per month, or $2,150, and that the reasonable cost of the future support of the two minor children, Edna and Albert, until they attain their majority, is $25 per month; that $1,000 is a reasonable sum to be allowed plaintiff as alimony in the suit, in the prosecution of which she incurred an expense of $200 as attorney's fees and $57 as costs and disbursements; that the defendant is now a resident of said county, and can be personally served, wherefore she prayed that a citation be issued requiring him to appear, at a time to be designated by the court, to show cause, if any he had, why the several sums hereinbefore stated should not be allowed her, and, at the hearing, that the decree in the divorce suit be modified so as to require him to pay said sums. The court having made the order prayed for, which being served upon the defendant, he appeared specially and moved to set aside the proceedings on the ground that the court had no jurisdiction of the subject-matter or of his person, but the motion having been overruled, and there being no answer or other plea, the relief prayed for in the petition was granted, and he appeals.

1. The statute regulating the mode of procedure in matters incident to the granting of divorces is as follows: "At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the

suit": B. & C. Comp. § 514. A suit for a divorce, so far as it affects the marital status of the parties, is a proceeding *quasi in rem*, but so far as it relates to collateral matters, such as alimony and costs, it is *in personam :* 2 Bishop, Mar. Div. & Sep. §§ 23, 36, 79; 2 Black, Judg. § 933; Cooley, Con. Lim. (6 ed.) 499; 2 Freeman, Judg. (4 ed.) §§ 584, 586. The plaintiff, observing this rule, took no decree in the divorce suit for alimony, support of the minor children, or attorney's fees, but, having waited until the defendant returned to this state, she instituted this proceeding, and the question to be considered is whether it is maintainable. A text-writer, speaking upon this subject, says : " When the court has allowed the suit to be dismissed, or has finally entered its decree, it has no further jurisdiction over the parties or the subject-matter, except so far as this is reserved by itself or by statute": Stewart, Mar. & Div. § 366. This author further says : " But a decree of divorce *a vinculo* is final, and the jurisdiction of the court over the parties is, after the expiration of the term, at an end ; and just as there can be no grant of alimony after such a divorce, so there can then be no change in the award of alimony, unless the right to make such change is reserved by the court in its decree, as it may be, or is given by statute, as it often is": Stewart, Mar. & Div. § 376. The summons having been served by publication, the court was powerless to grant any relief *in personam*, and, no jurisdiction of the subject-matter having been reserved in the decree, the court's resumption thereof, if the right exists after the close of the term at which the decree was rendered, must be found in the statute quoted.

2. In *Howell* v. *Howell*, 104 Cal. 45 (37 Pac. 770, 43 Am. St. Rep. 70), a suit having been instituted for a dissolution of the marriage contract, the summons was served by publication, and, the defendant not having appeared in person

or by attorney, a decree was rendered divorcing the parties, awarding to the plaintiff the custody of their children, and giving to her all the community real and personal property in California, but the complaint did not demand, nor did the decree grant, any sum as alimony. The time limited for taking an appeal having expired, the plaintiff filed a petition in the original suit, averring that she was in indigent circumstances, and unable to support herself and minor children, and praying that the defendant be required to pay such sum as to the court might seem just for that purpose, and that said alimony be made permanent. A demurrer to the petition on the ground of a want of jurisdiction having been overruled, and the defendant's answer stricken out, an order was made requiring him to pay $100 a month for the purpose specified, and he appealed. In reversing the judgment, Mr. Justice McFarland, speaking for the court, says : "We are satisfied that the court had not jurisdiction to make the order appealed from. A judgment in a divorce suit settling the property rights of the parties, after the time for appealing therefrom has expired, is as final as any other kind of a judgment, except so far as the power to modify it is given by statutory provision. Of course, when we speak of final judgment, we mean one which does not upon its face reserve jurisdiction (when that can be done) to make a supplemental decree, in which case it is not final. In the case at bar there was no such reservation ; it was final in form and substance. And there is no statutory provision giving jurisdiction to make the order appealed from. Section 137 of the Civil Code provides that, 'while an action for divorce is pending,' the court may require the husband to pay, as alimony, money necessary to enable the wife to support herself and children and prosecute or defend the action. Section 139 provides that, where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance

of the children and make a suitable allowance for the support of the wife, and that 'the court may from time to time modify its orders in these respects.' But the latter section clearly contemplates that the right to alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce, and established by the judgment; and the provision is that, where the right to alimony has been thus established, the amount may be changed by a modification of the order. But in the case at bar there was nothing to 'modify.' After the judgment granting the divorce the plaintiff was no longer the wife of the defendant, and he owed her no longer any marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment. In the case at bar the judgment became final without any award of alimony, and, of course, the court could not afterwards 'modify' what never existed." We have quoted extensively from this decision, and think it is conclusive in the case at bar upon the question of alimony allowed the plaintiff, and also in respect to the attorney's fees and costs, in the orignal suit, awarded her in this proceeding.

Mr. Bishop, in his work on Marriage and Divorce (volume 2, 5 ed. § 381a), says: "Where there is an *ex parte* divorce granted in a state in which one party only is domiciled, and the other party does not appear, the court has a jurisdiction to snap the *vinculum* of the marriage, but none to settle the question of alimony. In such a case, it is plain that there ought to be a jurisdiction to pass upon the question of alimony, if afterward the parties are both found within reach of the process of the proper tribunal. But if the case stands merely on the unwritten law which we imported from England, it is difficult to say that there is in our states generally such a jurisdiction." Permanent alimony is an incident to and flows from the decree of legal

separation, and is granted only after the merits of the case have been determined : Stewart, Mar. & Div. § 392. The defendant having been served with the process by publication thereof, and never having appeared in person or by an attorney in the divorce suit, no decree *in personam* could have been rendered therein against him. The plaintiff was not obliged to take a decree in said suit, but, having done so, she thereby waived her right to alimony, costs, and attorney's fees ; and, as our statute contains no provision allowing the court jurisdiction to pass upon these questions, when the defendant is found within the reach of its process, and the right to assume such jurisdiction never having existed at common law, the court erred in awarding plaintiff any sum whatever on account of alimony, attorney's fees, and costs in the original suit.

3. The compensation awarded by the court to the plaintiff for her past care, and the allowance for the future support, of the minor children, is based upon the principle that these children were not parties to the divorce suit, and therefore they are not bound by any decree that was or could have been rendered therein : 2 Nelson, Div. & Sep. § 981. This author in the same section, in discussing the question, says: "If the court has made no provision for custody and support in the decree, or has granted the custody to the wife without provision for their support, the provision may be afterwards made upon petition or motion and notice to the husband. Where the statute provides that the court shall have power to modify the order at any time after the decree, it is clear that the court granting the order of custody will retain jurisdiction, not only as to questions of custody, but also as to support, and a wife cannot maintain an action in another court to recover the expense of keeping the children. Her only remedy is to apply to have the order modified by the court which granted it. And upon the hearing the court may

render complete justice, and order the husband to pay for past support." In *McKay* v. *Superior Court*, 120 Cal. 143 (52 Pac. 147, 40 L. R. A. 585), a divorce having been granted, the plaintiff was awarded the custody of the minor children, but no provision was made for their maintenance, and no appeal taken from the decree. Thereafter the plaintiff, having become the wife of another man, filed a petition in the original suit, praying that the defendant therein be required to pay for the past support and for the future maintenance of said children. At the hearing, an order having been made as prayed for, the defendant, as plaintiff in the proceeding, sought to review the action of the court in this respect, contending that its order was without jurisdiction, and therefore void; but the supreme court, discharging the writ, held that the superior court of California had jurisdiction to make an order, at any time subsequent to a final decree of divorce, requiring the father to maintain and support the children, though no such order was made in the decree, and though their care, custody, and control was awarded by the decree to the mother. In deciding the case, Mr. Justice HENSHAW, speaking for the court, says: "It is to be noted that the order here under consideration, being exclusively for the maintenance and support of the children, is radically a different order from that considered in *Howell* v. *Howell*, 104 Cal. 45 (37 Pac. 770, 43 Am. St. Rep. 70), in which case it was distinctly said that Section 138 of the Civil Code, and the rights of minor children to maintenance and support under it, were not before the court."

A father is liable for the maintenance of minor children, who have no property of their own, when they are taken from his custody and transferred to the mother's: *Cowls* v. *Cowls*, 8 Ill. (3 Gilm.) 435 (44 Am. Dec. 708). "Divorce, and decreeing the custody of minor children to the mother," says Mr. Justice ALDIS, in *Buckminster* v. *Buck-*

*minster,* 38 Vt. 248 (88 Am. Dec. 652), "do not absolve the father from his parental duties and obligations to his children. He must still be reasonably liable for their support and education. They are of his blood. It is not their fault that their parents have been divorced. It is their right that those who have brought them into the world should take care of them till they are old enough to take care of themselves. So, too, it is the right of each parent to see to it that they are properly nurtured and educated, and, if the one who has the custody does not faithfully perform that duty, the other may apply to the court to correct the wrong." We think the court without doubt had authority, upon the presentation of the petition, to issue a citation to the defendant requiring him to appear and show cause, if any he had, why he should not be required to assist in supporting said minor children, and hence no error was committed in overruling the motion to set aside the service thereof.

4. As no testimony accompanies the transcript, it is quite probable that none was taken at the hearing, and, this being so, the order appealed from is reversed, and, observing a rule heretofore pursued (*School District No. 70* v. *Price,* 23 Or. 294, 31 Pac. 657; *Wheeler* v. *Lack,* 37 Or. 238, 61 Pac. 849 ; *Tobin* v. *Portland Mills Co.* 41 Or. 269, 68 Pac. 743, 1108), the cause will be remanded for such further proceedings as may be necessary, not inconsistent with this opinion.        Reversed.

### On Motion to Strike Cost Bill.

*Mr. Wm. Kaiser* and *Mr. Carey F. Martin* for the motion.
*Mr. Peter H. D'Arcy, contra.*

Mr. Chief Justice Moore delivered the opinion.

5. This is a motion to tax costs and disbursements. A supplemental decree herein having been reversed July 27,

1903, the defendant, on December 9th of that year, filed
a statement of his costs and disbursements, serving a
copy thereof on plaintiff's counsel, who moved to strike it
from the files, on the ground that it was not placed thereon
within the time prescribed. The clerk having allowed the
several items as claimed, plaintiff's counsel contend that an
error was thereby committed. The statute prescribing the
manner of taxing costs and disbursements was amended by
an act approved February 24, 1903, prohibiting the re-
covery thereof unless the prevailing party to a judgment,
decree, or special proceeding, within five days from the
rendition thereof, serves on the adverse party entitled to
notice an itemized statement of the sums to which he claims
to be entitled. Such statement may be filed, however, at
any time after the period prescribed, but not later than
the first day of the next regular term of the court occur-
ring after the expiration of the first five days, in which
case the statement must be served on the adverse party,
though he has not appeared. If objections thereto are filed
within five days from the expiration of the time allowed
to file the cost bill, such statement and objections shall
constitute the only pleadings required, and the issue so
joined shall be tried as soon as convenient by the court or
judge, and from the judgment rendered thereon an appeal
may be taken: Laws 1903, p. 209, 210. Though this statute
was evidently designed to regulate the mode to be pursued
in taxing costs and disbursements in the circuit courts,
the rule prescribed ought to be adopted as far as applicable
in this court: *Rader* v. *Barr*, 37 Or. 453 (61 Pac. 1027,
1127).

6. It will be remembered that the cost bill was filed De-
cember 9, 1903; but as an excuse for the delay it is main-
tained by defendant's counsel that a petition for a rehear-
ing was pending until October 5th of that year, and until
that was overruled no final decree had been rendered, and

for this reason the statement was filed within the time prescribed. In *Hammer* v. *Downing*, 39 Or. 504 (65 Pac. 990), it was held that when an opinion is handed down the judgment affected thereby is to all intents and purposes final, notwithstanding the rules of this court allow the defeated party twenty days in which to file a petition for a rehearing, and the conclusion so reached controls the case at bar.

7. It is also insisted by defendant's counsel that stipulations had been entered into between the parties hereto which affected the costs in the case of *McFarlane* v. *Cornelius, post* (74 Pac. 468), and that, objections to a cost bill in that case not having been disposed of until December 7, 1903, it was impossible prior thereto to determine the amount of costs to which their client was entitled, and hence the statement of the items now claimed was filed in proper time. In that case, which was an action arising out. of the original decree in this suit, the only controversy involved in the objections to the cost bill related to the expense incurred in printing an abstract and briefs ; the stipulations having provided that the outline of the case, and the summary of the law points and argument in support thereof, as printed, might be used in both cases, as far as applicable. The expense of publishing the abstract and brief in the case at bar and the other items included in the statement herein were not necessarily involved in the cost bill in the case of *McFarlane* v. *Cornelius*, which related to the costs and disbursements to which that plaintiff was entitled, the defendant therein contending that by reason of the stipulations entered into she was entitled to only one half the sum claimed. In the case at bar the costs and disbursements to which the defendant was entitled could have been ascertained when the supplemental decree. was reversed, but no statement thereof having been filed until after the first day of the next succeeding term of court occurring after the expiration of the five days from July

27, 1903, the prohibition contained in the statute compels us to disallow the items now claimed. The motion to strike the statement from the files is therefore allowed.

MOTION TO STRIKE GRANTED.

Decided 19 October, rehearing denied 7 December, 1903.