ROSINE HOLMES KELLEY, Appellant, *vs.* CLARK MANSUR KELLEY, Appellee.

*Opinion filed April 24, 1925.*

1. PRACTICE—*attorneys must file briefs citing authorities.* It is the duty of attorneys practicing in the Supreme Court to present to the court the authorities supporting their views and to assist the court in reaching a correct conclusion, and if the question has not been decided in Illinois it is the duty of counsel to support their contentions, if possible, by authorities from other States.

2. DIVORCE—*power of courts to grant absolute divorce is statutory.* The right of courts to grant absolute divorce is derived entirely from legislative grant, and courts have only such power in this respect as the legislature sees fit to confer upon them.

3. SAME—*decree for separate maintenance may be subsequently modified in regard to provision for alimony.* Where the court does not decree an absolute divorce but merely provides for separate maintenance, provisions in regard to the allowance of alimony may be subsequently modified to meet changing conditions.

4. SAME—*in absence of statutory provision, decree for absolute divorce cannot be subsequently modified as to alimony.* Where a decree of absolute divorce is granted, the obligation to support the wife ceases with the severance of the marriage relation except in so far as the decree, by authority of statute, provides for alimony, and unless the statute authorizes the court to alter the decree to meet new conditions it is like a final decree in any other case and cannot be changed.

5. SAME—*alimony cannot be allowed on separate bill.* In so far as it is authorized by statute, alimony may be allowed to the wife as part of a decree for divorce or separate maintenance, but alimony cannot be allowed on a bill filed for that purpose, alone.

6. SAME—*when complainant waives right to alimony and solicitor's fees.* A complainant who accepts a decree of absolute divorce where service is had on the defendant by publication waives any right to alimony and solicitor's fees, as the court cannot, in such case, grant any relief *in personam,* and the court being powerless to make such provision in the original decree, no power is given by section 18 of the Divorce act to make a subsequent order for alimony in a supplemental proceeding.

7. SAME—*under Divorce act, provision in decree as to custody of child may be altered.* While a bill which has for its sole purpose the obtaining of the care and custody of a child cannot be maintained, a court having jurisdiction of a suit for divorce is authorized, under the Divorce act, to make orders concerning the care, custody and support of the child or children of the parties during the pendency of the suit or upon entry of the decree, and such orders may be altered from time to time as changed conditions warrant.

8. PARENT AND CHILD—*obligation to support minor child is not affected by decree for divorce.* The obligation of a father to support his minor child is not affected by a decree granting a divorce, nor by a decree granting the care and custody of the child to the wife or some other suitable person.

9. SAME—*court granting divorce and custody of child to mother may issue citation against father to assist in support of child.* Although a decree of absolute divorce is entered after service by publication and no provision can be made as to alimony, the court may, upon presentation of a petition for the purpose and after the return of the defendant to the jurisdiction of the court, issue a citation requiring the father to appear and show cause why he should not be required to assist in supporting a minor child whose custody was awarded the mother in the divorce decree.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding.

CHARLES E. ERBSTEIN, for appellant.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Rosine Holmes Kelley, filed her bill in the superior court of Cook county asking that the marriage between her and Clark Mansur Kelley, appellee, be dissolved and that she be awarded the care and custody of their child, Barbara Anne Kelley, eight months old. Appellee could not be found in the State and service was had by publication. May 16, 1922, a decree of divorce *a vinculo matrimonii* was granted and the care and custody of the child was awarded to appellant. Thereafter appellee returned to Cook county, and December 4, 1922, appellant filed a petition in the same cause alleging that she filed her bill charging appellee with extreme and repeated cruelty and praying for divorce and for alimony and solicitor's fees, and that a default decree was subsequently entered. She further alleged that appellee was then within the jurisdiction of the superior court of Cook county, and asked that he be summoned to show cause why he should not pay to appellant money for her maintenance and for the support of their child and for solicitor's fees. Appellee was duly summoned to appear at the next term of court, and January 3, 1923, he filed an answer, admitting that a final decree of divorce was entered May 16, 1922, and alleging that the court was without jurisdiction, at the time the decree was entered, to enter an order requiring him to pay alimony or solicitor's fees. The answer denies that the court has jurisdiction to enter a further order in the cause and asks that the petition be dismissed. There was a hearing on the petition and an order entered finding that the court had jurisdiction to consider the petition, and that appellee is an able-bodied man, is regularly employed, is earning $25 a week, is residing with his parents, is able to support appellant and their child, and that appellant has no means or property of her own. Appellee was ordered to pay to appellant the sum of $12.50 a week

as alimony for her and their child until the further order
of the court and to pay to appellant $75 for solicitor's fees.
On appeal to the Appellate Court the decree was reversed.
A certificate of importance was granted and this further
appeal is prosecuted.

The questions presented by this appeal are novel and
a decision of them is bound to be far-reaching. Notwith-
standing this, we have been compelled to make an independ-
ent search of the authorities and have not been aided by
properly prepared briefs of counsel. Appellant has filed a
brief citing an early case decided by this court where the
only question involved was the modification of a decree
*in personam* entered at a former term of court. The brief
has not furnished us with any of the authorities from other
jurisdictions which deal with the questions before us. Ap-
pellee has filed no brief at all. Rule 15 provides that each
party *shall* file a printed brief in the cause. The brief of
appellant should contain the points relied upon for a re-
versal and these points should be supported by authorities.
If the question has been decided by this court it is not nec-
essary to cite authorities from other jurisdictions, but if the
question has not been decided by this court it is the duty
of counsel for appellant to support his contentions by an
authority from each jurisdiction that has decided it. Coun-
sel for appellee took this case to the Appellate Court, and
it was his duty to follow the case to this court and present
the authorities relied upon to sustain his position. If the
questions involved in a case are of sufficient importance to
justify asking this court to decide them, they are worthy of
the careful consideration of counsel presenting them. If
the case is not properly presented and the court is not given
the benefit of precedents there is danger of a decision being
rendered that will not be in harmony with the weight of
authority. It is the duty of attorneys practicing in this
court to present to the court the authorities supporting their
views and to assist the court in reaching a correct conclusion.

The Mosaic law recognized the right of a man to divorce his wife, and under the civil law either party might renounce the marriage union at pleasure. The right of a court to grant an absolute divorce is derived entirely from legislative grant. Prior to the English Divorce act of 1857 the right of the ecclesiastical courts to grant a divorce *a mensa et thoro* was recognized, but these courts did not have the power to grant a divorce *a vinculo matrimonii*. They sometimes entered decrees of annulment for causes which rendered the marriage void *ab initio*, but the only absolute divorces granted in England were by special acts of Parliament. While in this country the matter of granting a divorce involves the judicial process, it has always been recognized that the courts have only such power with respect to granting a divorce absolutely severing and canceling the marital bonds as the legislature sees fit to confer upon them. Where the divorce amounts to nothing more than a separate maintenance, which is the kind of divorce that was granted by the ecclesiastical courts of England, the status of marriage continues, and the power to grant alimony with such a divorce carries with it the power to modify or alter the allowance of alimony to meet new conditions. This is not true, however, with respect to a divorce which destroys the marriage relation. In that case the obligation to support the wife ceases with the severance of the marriage relation except in so far as the decree of divorce by authority of the statute provides for alimony. Unless the statute granting the power to award alimony to the wife authorizes the court to alter the decree to meet new conditions, the decree is like a final decree in any other case and cannot be changed. *Ruge* v. *Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917-F, 721.

In the case at bar appellant took her decree of divorce without personal service on appellee, and under those circumstances the chancellor was without power to award alimony. This was a voluntary act on her part, and by caus-

ing to be entered a final decree severing the marriage relation she placed it beyond the power of the courts to award alimony. In so far as it is authorized by statute, alimony may be allowed to the wife as a part of a decree for divorce or for separate maintenance, but alimony cannot be allowed on a bill filed for that purpose, alone. (*Trotter* v. *Trotter*, 77 Ill. 510.) The summons having been served by publication, the court was powerless to grant any relief *in personam*, and, no jurisdiction of the subject matter having been reserved in the decree, the court's resumption thereof, if the right can exist under any circumstances after the close of the term at which the decree was rendered, must be found in our statute on divorce. Section 18 of the act provides: "When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. * * * And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, * * * as shall appear reasonable and proper." Before an allowance can be altered there must have been an allowance made at the time the decree was entered. There was an attempt to make an allowance in this case, but it is conceded that that part of the decree is void. The plaintiff was not obliged to take her decree under the circumstances, and having done so she waived her right to alimony and solicitor's fees. There being no order allowing alimony to appellant when the decree for divorce was entered, there is no power now, on this supplemental proceeding, to make an original allowance. *McFarlane* v. *McFarlane*, 43 Ore. 477, 73 Pac. 203; *Howell* v. *Howell*, 104 Cal. 45, 37 Pac. 770; *Spain* v. *Spain*, 177 Iowa, 249, 158 N. W. 529, L. R. A. 1917-D, 319; *Moross* v. *Moross*, 129 Mich. 27, 87 N. W. 1035; *Bassett* v. *Bassett*, 99 Wis. 344, 74 N. W. 780; *Tobin* v. *Tobin*, (Ind.) 64 N. E. 624; *Plaster* v. *Plaster*, 47 Ill. 290.

While a bill which has for its sole purpose the obtaining of the care and custody of a child cannot be maintained, (*Thomas* v. *Thomas,* 250 Ill. 354,) the Divorce act authorizes the court which has jurisdiction of a suit for divorce to make orders concerning the care and custody of the child or children of the parties during the pendency of the suit or upon final hearing when a divorce is decreed, and this order respecting the care, custody and support of the child or children may be altered from time to time as changed conditions warrant. (*Stafford* v. *Stafford,* 299 Ill. 438.) Since the children of divorced parents are often exposed to the mutual animosities and jealousies of their parents and the happiness of the children and their usefulness as citizens are thereby endangered, it is the established policy of the law of this State to regard such children as wards of the court. The nurture and proper training of the children of divorced parents being matters of vital interest to the State as well as to the children themselves, the legislature has provided that the court granting a divorce shall have full and continuing jurisdiction, during the minority of such children, to make from time to time such orders with respect to their care, custody and support as reason and justice shall require. While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot be destroyed. The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. (*Plaster* v. *Plaster, supra.*) His children are of his blood. It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves. We entertain no doubt that the court that granted a decree

in this case awarding the custody of the child to the mother had authority, upon the presentation of a petition for the purpose, to issue a citation requiring the father to appear and show cause, if any he had, why he should not be required to assist in supporting his minor child. This conclusion finds support in many well considered cases from other jurisdictions. *McFarlane* v. *McFarlane, supra; Tobin* v. *Tobin, supra; Spain* v. *Spain, supra; Marks* v. *Marks,* 22 S. D. 453, 118 N. W. 694; *Chambers* v. *Chambers,* 75 Neb. 850, 106 N. W. 993; *Renner* v. *Renner,* 127 Wis. 371, 106 N. W. 846; *Miles* v. *Miles,* 65 Kan. 676, 70 Pac. 631.

The judgment of the Appellate Court and the order of the superior court are reversed and the cause is remanded to the superior court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*