DINA DOEKSEN, Appellee, v. RAYMOND DOEKSEN, Appellant.

**DIVORCE:** Alimony—Decree on Publication Service—Effect. A plaintiff who takes a decree of divorce on *service by publication* may not thereafter resurrect the proceeding for the purpose of an allowance of alimony. This is true even though plaintiff prayed for alimony, and even though the court assumed to continue the proceeding on the question of alimony. (See Book of Anno., Vol. 1, Sec. 10481, Anno. 93.)

Headnote 1:  19 C. J. pp. 247, 248.

*Appeal from Sioux District Court.*—C. C. BRADLEY, Judge.

OCTOBER 26, 1926.

Appeal from award of alimony. The facts appear in the opinion.—*Reversed.*

*Van Oosterhout & Kolyn,* for appellant.

*Anthony Te Paske,* for appellee.

FAVILLE, J.—The parties to this action were married in

1921. In December of 1924, the appellee instituted an action for divorce in Sioux County, Iowa. At that time, the appellee was a resident of said county, and the appellant was a resident of the state of Michigan. The prayer of the petition was that the appellee be divorced from the appellant, that she be authorized by the court to resume her maiden name, and that "on final hearing she may be allowed the sum of $2,000 as permanent alimony, and that she may have judgment for said alimony." Original notice in said action was personally served upon the appellant in the state of Michigan. No appearance was entered by the defendant in said cause, and a decree of divorce was entered on default in January, 1925. By the terms of the decree, the appellee was awarded a divorce from the appellant, and was authorized to resume her maiden name, and said decree contains this provision: "This cause is continued on the question of alimony." Thereafter, the appellant was found in Sioux County, Iowa, and a notice was served upon him personally in said county. Said notice referred to the original petition on file in said divorce action, and notified the appellant to appear and answer thereto as to the claim for alimony at a subsequent term of said court. At the August term, the appellant appeared, and by proper pleading challenged the jurisdiction of the court to enter any judgment in the nature of an award for alimony against him, and prayed that said application be dismissed. Proper objections were also made to the evidence and to all other steps in the proceedings, all of which objections were overruled. Evidence was introduced in behalf of the appellee, and a so-called supplemental decree was entered, awarding alimony to the appellee. It is from this supplemental decree that this appeal is prosecuted.

But one question is presented for our consideration in this case, and that is whether, under the stated facts, the court had jurisdiction to render a decree awarding alimony to the appellee. Where a decree is obtained on service of notice by publication, and there is no jurisdiction of the person of the defendant, and a decree of divorce is awarded *without any reference to alimony,* a subsequent proceeding, either as an independent action or by attempt to secure a modification of the decree as to alimony, cannot be maintained. We have recently had occasion to review this question and to make final pronouncement thereon in the

case of *McCoy v. McCoy,* 191 Iowa 973. In that case, as in this, the court granting the divorce had no jurisdiction of the person of the defendant. He had no property in the state where the divorce was granted. The decree of divorce in that case, however, was entered without any provision therein for alimony. In said case we said:

"The argument for the plaintiff is that she could not obtain alimony in the Arkansas court for want of jurisdiction; that the question of alimony, therefore, is not adjudicated; that she is, therefore, entitled to adjudicate it wherever she can obtain jurisdiction of the defendant. The argument has its plausibility, and has the support of respectable authorities. There is much in it that appeals to the sense of equity; and, if it were *res integra* in this state, it might well command much consideration. On the other hand, the question is one which has been often considered by the courts of many states, and it must be said that the great weight of authority is against the contention of the plaintiff. In this state, the question is quite foreclosed by our previous decisions. The question was directly involved in our recent case of *Spain v. Spain,* 177 Iowa 249, wherein the question is quite fully discussed. We will not repeat the discussion now. The cited case is supported by the following of our previous cases: *Blythe v. Blythe,* 25 Iowa 266; *Wilde v. Wilde,* 36 Iowa 319; *Marvin v. Marvin,* 59 Iowa 699; *Boyles v. Latham,* 61 Iowa 174; *Shaw v. Shaw,* 92 Iowa 722. The general ground upon which these holdings are based was that alimony is an incident of the marriage relation; that it can only be allowed where the marriage relation exists; that it may be allowed as a part of the decree of divorce; that the severance of the marriage relation by absolute decree, without alimony, terminates the right to alimony."

The appellee contends that a different rule should prevail in the instant case because of the recital in the decree of divorce that: "This cause is continued on the question of alimony." The contention is that the court in the decree reserved the question with regard to alimony by the provision that "this cause is continued on the question of alimony."

A somewhat similar situation was presented in the *McCoy* case. In that case the decree contained the following recital:

"The court finds that neither of said children nor the plaintiff are possessed of any estate or property, and the defendant

owns nothing within this jurisdiction, but is making a salary where he now resides, and should contribute to the support of plaintiff and education of said minor child.''

Because of this provision, the plaintiff in said action contended that a subsequent proceeding could be had for alimony, supplementary to the decree of divorce. Respecting said recital in the decree we said:

"It is urged that this recital was, in effect, a finding of merit for the plaintiff, and an indication that the court would have awarded alimony if it had had jurisdiction. If we assume it as true that the court had no jurisdiction to award alimony, neither did it have jurisdiction to find the facts upon which alimony might have been awarded. Such finding, therefore, is quite nugatory, and cannot be deemed to impeach the finality of the decree.''

So, in the case at bar, the court was without jurisdiction to make any award on the subject of alimony in the original proceeding, for the reason that it had no jurisdiction of the person of the appellant in said proceeding, and had no jurisdiction, by attachment or otherwise, of any of the appellant's property. It could make no valid order respecting alimony. The cause proceeded to final decree. Such decree, when so entered, was binding upon both parties. If the court had no jurisdiction in the original proceeding to make any award for alimony, it necessarily and logically must follow that the court had no jurisdiction in rendering the final decree in said cause to make any order respecting the subject of alimony, by continuance of said cause as to said subject-matter or by reservation of the question. It could not reserve jurisdiction of a subject-matter of which it did not have jurisdiction.

The court, at the time of the entry of the final decree, had no jurisdiction *in personam* of the appellant. It could make no valid award whatever on the subject of alimony. *Kline v. Kline,* 57 Iowa 386. It therefore could make no valid order providing for a continuance of the cause on the question of alimony, over which it had no jurisdiction, and at the same time enter a final decree granting a divorce.

Whether or not, if the court had had jurisdiction of the subject-matter of alimony between the parties, it could have awarded a decree of divorce, and continued the cause for further

determination as to the amount and time of payment of alimony, is an entirely different question from the one before us, and is not involved in the decision of this case. There are cases holding that, where the court has jurisdiction *in personam* in a divorce action, and alimony is prayed for, a divorce may be granted, and the question of the amount of alimony to be awarded may be reserved in the decree for future determination. 19 Corpus Juris 248, Section 575. This is consistent with our statute, Code of 1924, Section 10481, authorizing subsequent changes as to alimony when circumstances render them expedient. But this rule does not apply to a case where the court had *no* jurisdiction whatever over the person or property of the defendant, and hence no jurisdiction to deal with the subject-matter of alimony. The appellee was not obliged to take a decree in the divorce action on service in a foreign state, but she saw fit to take a decree of divorce in an action where the court had no jurisdiction to make an award of alimony. By so doing, she accepted a final decree of divorce without alimony, and cannot now maintain this action for alimony. The "reservation" of the question in the decree cannot avail the appellee, for the obvious reason that the court could not "reserve" determination of a question where it had no jurisdiction of the subject-matter reserved. As bearing on the question involved herein, see *McFarlane v. Mc-Farlane,* 43 Ore. 477 (73 Pac. 203) ; *Howell v. Howell,* 104 Cal. 45 (37 Pac. 770).

We reach the conclusion that the decree of the district court must be, and it is,—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.