ALICE FREEMAN, Appellant, *v.*
ALBERT FREEMAN, Respondent.

No. 4496

January 30, 1963

378 P.2d 264

*Foley Brothers*, of Las Vegas, for Appellant.

*Harry E. Claiborne* and *John Manzonie*, of Las Vegas, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

The parties hereto were married November 15, 1959. A child was born in June 1960. Before the birth of the child the parties separated. On June 17, 1960, after the child was born, the husband commenced this action for divorce on the ground of extreme cruelty. The wife filed a counterclaim for divorce on the ground of extreme cruelty and the trial court granted her the divorce.[1]

The appeal taken by the wife is not from that part of the judgment which grants the divorce,[2] but from those parts thereof relating to the division of property, support for the wife and minor child, and from the denial of the wife's motion for a new trial.

---

[1] The court found that "the parties were each guilty of cruelty, each toward the other, however, the Defendant was least at fault."

[2] At the request of appellant the reporter's transcript of the testimony which forms a part of the Record on Appeal does not contain the testimony pertaining to the grounds for divorce.

Appellant assigns as error:

1. The failure of the trial court to award alimony to the wife.

2. The trial court divided the property of the parties without considering the obligation of the husband to support his wife and minor child, and refunded to him sums he had expended for such support.

3. Respondent erroneously was awarded $2,000 as his sole and separate property when the evidence showed that he had no such separate property.

4. The trial court erroneously determined that certain items of personal property were gifts to the respondent rather than wedding gifts to the parties.

Appellant contends that the failure to award alimony is "clearly an abuse of the court's discretion, for the reason that the only discretion vested in the court appears to be to fix the amount of alimony, and the court was compelled by law to make some award of alimony."

The only Nevada case cited in support of her contention is Cunningham v. Cunningham, 60 Nev. 191, 197, 102 P.2d 94, 105 P.2d 398, 400, where this court said:

"The right of the wife, who has been given the divorce, to such support as to the court shall appear adequate in view of the financial conditions of the parties, cannot be questioned."

In our opinion, these words mean simply that the action of the trial court in awarding alimony in a proper case will not be disturbed on appeal. They do not mean that in all cases where the wife is granted a divorce she is entitled to alimony as a matter of right.

Permanent alimony in conjunction with an absolute divorce was entirely unknown to either the common law or the ecclesiastical law. There is no such thing as a common-law power to grant permanent alimony in connection with a divorce. The power to award permanent alimony is wholly the creature of statute. Annot., 34 A.L.R.2d 313, 319 (1954).

The applicable Nevada statutes are as follows:

Subsection 1 of NRS 125.150 provides: "In granting a divorce, the court may award such alimony to the wife

and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

Subsection 5 of NRS 125.150 states in part: "In the event alimony has been awarded to the wife, or the court otherwise adjudicates the property rights of the parties * * * such alimony so awarded, such adjudication of property rights * * * may nevertheless at any time thereafter be modified by the court upon written stipulation * * *."

It is clear from our statutes that, contrary to appellant's contention, a court is not compelled by law in this state to make some award of alimony. The allowance of permanent alimony rests within the sound discretion of the trial court to be exercised in the light of all surrounding circumstances, and such allowances will not be disturbed on appeal.

As heretofore stated, we do not have before us that part of the evidence pertaining to the grounds for divorce and, consequently, we cannot ascertain whether such evidence was of a nature which would tend to influence the court in the granting or denial of alimony. We do know from the testimony of the wife that, aside from minor difficulties, respondent was a good husband. Before her marriage to him she had previously been married to one Brodsky and had a child by that marriage. Her marriage to Brodsky lasted three years. At the time of its dissolution she did not ask for alimony, but was awarded $100 per month for support of the Brodsky child. From the time of her divorce until her marriage to respondent she had been employed as a secretary to the head of the advertising and publicity department of the Desert Inn Hotel, in Las Vegas. When the Freeman baby reaches the age of two years, appellant expects to return to work.

In view of the circumstances and the paucity of facts presented by the record we cannot say that the trial court abused its discretion in failing to award permanent alimony to the appellant.

There is nothing in the record to sustain appellant's contention that the court divided the property of the parties without considering the obligation of the husband to support his wife and minor child. The evidence is in conflict whether the sum allotted to the husband from the assets of the parties was his separate property or constituted a reimbursement to him for sums he had expended for the support of his wife and child, and there was no affirmative showing one way or the other whether the sums advanced by the husband constituted sums acquired before marriage or were his earnings after marriage. Even if we assume that appellant is correct in her contention that upon the record the sum allotted to the husband was community property, it was still within the sound discretion of the trial court how the community property should be distributed. NRS 125.150 (1). Whether the items of personal property awarded to the husband were personal gifts to him rather than wedding gifts to the parties also was in conflict. The trial court heard the testimony of the witnesses and had before it evidence not before us on appeal, and was better able to judge the facts than we are. The decision of the trial court relating to the matters complained of therefore will not be disturbed.

Affirmed. No costs are allowed, because appellant heretofore had been awarded preliminary fees and expenses in this court.

BADT, C. J., and THOMPSON, J., concur.