FRANK SAMUEL PORTNOY, APPELLANT, v.
ANN ROSETTA PORTNOY, RESPONDENT.

No. 4837

April 30, 1965                                401 P.2d 249

---

*Murray Posin,* of Las Vegas, for Appellant.

*Neil G. Galatz,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appeal presents one question: May a former wife, who has obtained a final ex parte California divorce, thereafter maintain an action for support in this state against her former husband? The lower court held that she could, and awarded support. We affirm.

In resolving the question we may, of course, put to one side those cases in which the wife has had an opportunity to claim support or alimony, for in such cases there may be reason to limit her rights against the husband to what the divorce court has granted. See Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638. Nor need we be concerned with our statement in Freeman v. Freeman, 79 Nev. 33, 378 P.2d 264, that "the power to award permanent alimony is wholly the creature of statute," because the statute,

NRS 125.150[1], only governs the case of a domestic divorce in which the court has jurisdiction to award alimony. Here our sole concern is with the right of a divorced wife to later obtain support when she did not have an opportunity to litigate that right in her foreign divorce action. Nevada has not before decided this question. The answer, however, is foreshadowed by our opinions in Summers v. Summers, 69 Nev. 83, 241 P.2d 1097, and Farnham v. Farnham, 80 Nev. 180, 391 P.2d 26, in which we applied the divisible divorce doctrine and its consequences to the facts there presented, and also looked to the law of the wife's domicile to resolve the support question. It is now established beyond question that a valid ex parte divorce entered at the domicile of only one party to the marriage does not automatically end the wife's right to support. Estin v. Estin, 334 U.S. 541, (where it was decided that a Nevada divorce court, which had no personal jurisdiction over the wife, had no power to terminate a husband's obligation to provide her support as required in a preexisting New York separation decree); Armstrong v. Armstrong, 350 U.S. 568; Vanderbilt v. Vanderbilt, 354 U.S. 416 (where it was held to be immaterial that the wife's right to support had been reduced to judgment after the husband's ex parte divorce). The cited cases also appear to have resolved the choice of law problem by looking to the state of the wife's domicile to determine her right to support.

Applying these well settled rules to this case, we find that California law permits a former wife to obtain support following the entry of an ex parte divorce. Hudson v. Hudson, 52 Cal.2d 735, 344 P.2d 295; Lewis v. Lewis, 49 Cal.2d 389, 317 P.2d 987; Weber v. Superior Court, 53 Cal.2d 403, 348 P.2d 572. We must honor California's view. Summers v. Summers, supra; Farnham v. Farnham, supra. We approve Professor Paulsen's statement: "The law of the wife's domicil at the time of divorce is

---

[1]In pertinent part NRS 125.150(1) reads: "In granting a divorce, the court may award such alimony to the wife * * * as shall appear just and equitable * * *."

perhaps the most suitable measure of a wife's interests. If such a choice of law rule were used, the husband in most cases will know by what state's law he can expect to be judged. Neither his obligation nor his right will then depend upon the future movements of him or his wife." See Support Rights and an Out-of-State Divorce, 38 Minn.L.Rev. 709, 727.

We are aware of the split of authority on the question presented by this appeal. Annot., 28 A.L.R.2d 7378. Some courts forbid a later alimony action in the state where the former husband resides or has property on the flat proposition that a wife's support rights are incident to the marriage and fall with its dissolution.[2] Such a view is wholly incompatible with the divisible divorce theory. Others apply res judicata, reasoning that any valid divorce decree is res judicata on the question of alimony.[3] It is indeed difficult to understand why a wife plaintiff in an ex parte divorce proceeding should be barred by res judicata. She has not enjoyed a day in court on the support question for the court of her domicile had no power to award her support from her absent husband. And some invoke waiver, stating that she has waived her right to support by bringing a divorce action in a state where the court was without power to grant support.[4] The value of this use of waiver is not easy to ascertain, for it puts a cruel choice to the wife. She must either (a) maintain the marriage and pray that her absent husband will support her; (b) follow him and sue for support; or (c) divorce him at her domicile and forego support. The modern trend of authority is to reject these views, and to follow the reasoning of Justice Traynor in Dimon v. Dimon, 40 Cal.2d 516, 254 P.2d 528 (dissenting opinion); Hudson v. Hudson, supra. We prefer his view also. "The economic need, the moral and legal claims for alimony can be adequately and fairly explored only in a proceeding involving both parties."

---

[2] See Staub v. Staub, 170 Md. 202, 183 A. 605; Kelley v. Kelley, 317 Ill. 104, 147 N.E. 659; McCoy v. McCoy, 191 Iowa 973, 183 N.W. 377.

[3] See Doeksen v. Doeksen, 202 Iowa 489, 210 N.W. 545.

[4] See McFarlane v. McFarlane, 43 Ore. 477, 73 P. 203.

Paulsen, Support Rights and Out-of-State Divorce, 38 Minn.L.Rev. 709, 724.

For the reasons stated, the judgment below is affirmed.

BADT, J., concurs.

WATERS, D. J., dissenting:

The decision of the court in this case, simplified, says this: A wife may obtain a final divorce decree in a foreign state where she lives; thereafter she may come to Nevada where her former husband lives, commence and successfully prosecute an independent action against him for alimony.

NRS 125.150, subsection 1, reads as follows: "In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

To my knowledge no other section of the statutes of this state authorizes a final award of alimony, nor has any decision of our Supreme Court heretofore sanctioned a final award of alimony in this sort of action.

The decision in this case is new law. It is not interpretation of existing law. No play with semantics can interpret the words of the statute: "In granting a divorce, the court may award such alimony * * *" to mean: "After a decree of divorce, the court may award such alimony." Here is created a remedy for a right that did not exist in Nevada before this decision.

I do not conceive it to be the function of courts to write new law. Accordingly, I cannot participate in the decision of the majority in this case, and must file this dissent.