## SHIRLEY ANN TOWNER WALKER, Appellant, v. ALEXANDER STUART WALKER, Respondent.

### No. 5348

February 5, 1968                                        437 P.2d 91

[Rehearing denied February 16, 1968]

*Frank W. Daykin,* of Carson City, *Russell W. McDonald,* of Reno, and *Ralph W. Thompson,* of Monterey, California, for Appellant.

*John J. McCune,* of Reno, and *Richard G. Burns,* of Corte Madera, California, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Shirley Walker appeals from an order denying her motion to dissolve a preliminary injunction restraining her from proceeding with a divorce action commenced in California.

Shirley Walker and Alexander Walker were married at Reno, Nevada, on April 2, 1960. They lived in Reno until August 24, 1962 when they moved to Carmel, California. On October 5, 1963 the parties separated. Shirley commenced a divorce action in California on February 3, 1964 praying for divorce, a division of property and alimony. She was granted temporary alimony and the case remains pending for resolution. Alexander Walker returned to Nevada and procured a Nevada ex parte divorce, but without distribution of property or a determination of alimony. Soon thereafter, he commenced this action for declaratory relief to settle property and alimony questions.

We do not on this appeal determine the propriety of declaratory relief as a remedy in these circumstances. The sole issue is whether the Nevada trial court acted within the permissible limits of its discretion in enjoining further prosecution of the California lawsuit. It is to be noted that Shirley does not there contest the validity of Alexander's Nevada divorce. Indeed, she concedes that the nature of the California action was automatically changed by the entry of the intervening Nevada decree dissolving the marriage. Her prayer for divorce in the California case is now moot. Only alimony and property remain to be adjudicated. Hudson v. Hudson, 344 P.2d 295 (Cal. 1959). See also Portnoy v. Portnoy, 81 Nev. 235, 401 P.2d 249 (1965).

In the instant matter Alexander apparently convinced the district court that Shirley could not qualify as a California resident and that California lacks jurisdiction to proceed with the case pending there.

On the face of the record Nevada and California each have jurisdiction of the subject matter and of the parties. As already indicated, our concern is with the propriety of a preliminary injunction against the further prosecution of an extra state lawsuit involving the same parties and issues. In Brunzell Construction Co., Inc. v. Harrah's Club, 81 Nev. 414, 404 P.2d 902 (1965), we ruled that considerations such as local Nevada conditions, convenience to the Nevada plaintiff, and his desire to litigate in Nevada rather than elsewhere, were not persuasive considerations, and we approved the notion that the power to restrain the parties from proceeding in another jurisdiction is to be sparingly and reluctantly exercised. By reason of Brunzell, it is clear that our policy is to avoid where possible the restraint of a prior action pending in another state. A clear showing must be made that restraint is necessary to prevent manifest wrong or injustice.

The controversy over the validity of Shirley's residence in California does not suggest that Nevada should entertain the litigation and preclude California from further action. Indeed, the question whether Shirley has established a residence, sufficient in nature and duration to meet the requirements of California, is peculiarly one of California law. If in fact the California court lacks jurisdiction, then we must assume that the California court will correctly decide this point of California law. In the event California rules that Shirley's domicile is in that state, it is appropriate that the California court should also determine her right to support. See Portnoy v. Portnoy, supra at 237.

In line with Brunzell Construction Co., Inc. v. Harrah's Club, supra, we hold that the injunction issued by the district court was improvidently granted and it is hereby dissolved. We further order that further proceedings in the district court be stayed pending determination of the California litigation.

Reversed with directions.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.