GRACE W. FARNHAM, APPELLANT AND CROSS–RESPONDENT, *v.* GERALD M. FARNHAM, RESPONDENT AND CROSS–APPELLANT.

No. 4684

April 6, 1964                         391 P.2d 26

*Earl & Earl*, of Las Vegas, for Grace W. Farnham.

*Ruymann, Hilbrecht & Jones*, of Las Vegas, for Gerald M. Farnham.

## OPINION

By the Court, THOMPSON, J.:

This is an action upon a foreign judgment for money. The defendant (judgment debtor) won below. The trial court refused to give the foreign judgment full faith and credit. We reverse, with directions, for the reasons hereinafter expressed.

The parties formerly had been wife and husband. They were married in Michigan in 1944. Later, conflict developed. On June 27, 1957, Gerald commenced a divorce action in Michigan. Grace appeared and filed a cross-bill for separate maintenance, which she later amended to seek a divorce and other relief. Gerald abandoned the Michigan case. He came to Nevada, and on November 5, 1958 obtained a Nevada default decree. That decree did not provide for alimony. On February 16, 1960 the Michigan court awarded Grace a divorce, alimony and $5,000 in lieu of dower. Grace learned that Gerald was in Arizona. She sued him there for the accrued amount due

under the Michigan judgment. Gerald appeared in the case and was represented by counsel throughout. The Arizona court found that, as of December 8, 1960 Gerald owed Grace $7,500 under the Michigan judgment and, on December 30, 1960 entered its own judgment for that amount. Gerald did not appeal. The present action was commenced by Grace on March 16, 1962. She seeks to recover the amount due upon the Arizona judgment with interest.

It was the trial court's view (and the position of the respondent here) that Colby v. Colby, 78 Nev. 150, 369 P.2d 1019, controls this case. It reasoned that the later Michigan divorce impliedly invalidated the earlier Nevada default decree; and that the Arizona judgment for money, being based on the Michigan decree, did the same. Therefore, to give full faith and credit to the Arizona judgment is to invalidate our own decree, which we need not do under Colby.

It seems to us that the Colby doctrine does not touch this case. Here we simply have a suit upon a foreign judgment for money. Upon the record presented it was impermissible for Nevada to look behind the Arizona judgment. Gerald did not challenge the jurisdiction of the Arizona court to render the money judgment, nor did he suggest that it had been procured by fraud, or that it had been satisfied in whole or in part. It is patently a final judgment for full faith and credit purposes. Biel v. Godwin, 69 Nev. 189, 245 P.2d 997; Kernan v. Kernan, 78 Nev. 93, 369 P.2d 451; Fauntleroy v. Lum, 210 U.S. 230.[1] Colby may not be read to authorize a Nevada court to look behind a foreign money judgment and examine the cause of action upon which it was based.

---

[1]Gerald contended that he did not receive actual notice of the Arizona judgment, and therefore was not accorded procedural due process, citing Griffin v. Griffin, 327 U.S. 220. He misreads Griffin. There it was held that a judgment entered without actual notice to a party or his appearance therein, and without any form of service of papers calculated to give him notice of the proceedings, violates procedural due process and is not entitled to full faith and credit when sued upon in another jurisdiction. Here Gerald had notice of the Arizona proceedings and appeared therein through counsel. There is no question of procedural due process involved.

Indeed, even if we were to assume that a Nevada court could do so, the result of this case would not be different. A valid ex parte divorce entered at the domicil of only one party to the marriage does not automatically end the wife's right to support. Here the ex parte Nevada decree was silent on the question of alimony. It did not purport to adjudicate the absent wife's right to alimony. Armstrong v. Armstrong, 350 U.S. 568; Annot., 100 L.Ed. 716. The Michigan judgment in the instant case is a support judgment. It does not purport to set aside the earlier Nevada default decree obtained by the husband. The validity of the Nevada divorce was never an issue in the Michigan case. It is clear on this record that the Nevada decree is conclusive as to status, and the Michigan judgment conclusive as to support for the wife. Colby has nothing whatever to do with the divisible divorce doctrine.

The theory of divisible divorce adopted in Estin v. Estin, 334 U.S. 541, has been extended to embrace the case before us. In Estin the court held that an ex parte Nevada divorce procured by the husband did not terminate the wife's prior adjudicated right to separate maintenance. We followed the Estin doctrine in deciding Summers v. Summers, 69 Nev. 83, 241 P.2d 1097. Subsequently, in Vanderbilt v. Vanderbilt, 354 U.S. 416, the United States Supreme Court held that it is immaterial whether the wife's right to support is reduced to judgment before the husband's ex parte divorce or afterwards (as in the Vanderbilt case). In either instance the wife was not subject to the in personam jurisdiction of the divorce court, and that court did not have power to extinguish her support rights. Accordingly, if Michigan follows the rule that a wife may obtain support or alimony after the entry of an ex parte foreign divorce, Nevada must honor the Michigan view. Cf. Summers v. Summers, supra. Michigan does follow that rule. Malcolm v. Malcolm, 345 Mich. 720, 76 N.W.2d 831. Consequently, had Grace brought suit in Nevada (rather than in Arizona—assuming the ability to acquire personal jurisdiction over Gerald) for accrued support under the

Michigan judgment, Nevada would have been compelled to accord full faith and credit to the Michigan judgment. Malcolm v. Malcolm, supra; Vanderbilt v. Vanderbilt, supra; Summers v. Summers, supra. It is, therefore, plain that there is no basis upon which Gerald may now ignore his adjudicated support obligation to Grace.[2]

For the reasons expressed we reverse the judgment entered below and remand the case with direction to enter judgment for Grace W. Farnham against Gerald M. Farnham for the sum of $7,550 with interest thereon at 7% per annum from December 30, 1960 until paid.

In this case Gerald filed a cross-appeal from the opinion of the district court. That court's opinion is not appealable. An appeal may be taken from final judgments and specified orders; not from opinions. Though Gerald's notice of cross-appeal also purports to appeal from the judgment, it is ineffective because he won the case below and is not an "aggrieved party" entitled to appeal. NRCP 72(a). His cross-appeal is dismissed.

BADT, C. J., and MCNAMEE, J., concur.

---

[2]The husband (respondent) relies heavily upon Perry v. Perry, 51 Wash.2d 358, 318 P.2d 968. In our view, the Perry case ignored the Estin doctrine. Perry has been severely criticized. See: 10 Stanford L.Rev. 758; 33 N.Y.U.L.Rev. 746; 33 Wash.L.Rev. 151. We flatly reject its reasoning in so far as it relates to the divisible divorce doctrine.