LOYD N. SIMPSON, Petitioner, *v.* THOMAS J. O'DONNELL, Judge, Eighth Judicial District Court of the State of Nevada, Respondent.

No. 14207

December 9, 1982                                    654 P.2d 1020

*John E. Stone,* Las Vegas, for Petitioner.

*Earl & Earl,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

In this mandamus proceeding, petitioner Simpson challenges the order of the district court quashing service of process on the real party in interest, Gertrud L. Simpson.

On May 7, 1982, Loyd Simpson filed a complaint in district court, against Gertrud Simpson, seeking a dissolution of his marriage, a custody determination of the parties' minor children with visitation rights, and an order of child support.[1]

Shortly thereafter, Mrs. Simpson, a domiciliary of Georgia, moved the district court for an order quashing service of process upon her. She alleged that a prior judgment for legal separation was entered in a Georgia court awarding her $167 per month, per child, for each of three minor children, and permanent alimony in the sum of $150 per month. She contended that "these prior adjudicated support rights . . . cannot be terminated by a court unless that court has *in personam* jurisdiction over the defendant wife." Further, she contended that the Nevada court did not have personal jurisdiction over her and could not acquire such jurisdiction under Nevada's long-arm statute, NRS 14.065. The district court granted Mrs. Simpson's motion, and this petition followed.

Mr. Simpson first contends that the district court at least had jurisdiction to dissolve the marital status of the parties since he is domiciled in Nevada. We agree. It is well settled that a divorce proceeding is an "*in rem* proceeding in which a court has jurisdiction to change the marital status of the parties even when only one party to a marriage is a bona fide resident of the state in which that court is located." In re Marriage of Rinderknecht, 367 N.E.2d 1128, 1133 (Ind.Ct.App. 1977). *See also* Estin v. Estin, 334 U.S. 541 (1948). Indeed, Mrs. Simpson concedes that Nevada courts may grant a divorce if Mr. Simpson has established sufficient residence in Nevada.

---

[1]Loyd Simpson offered to give Gertrud Simpson, his wife, custody of their minor children and to pay her $150 per month in child support.

Before adjudicating the incidences of the parties' marriage, however, the district court is required to obtain *in personam* jurisdiction over both Mr. and Mrs. Simpson. Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957); *Estin, supra;* Farnham v. Farnham, 80 Nev. 180, 391 P.2d 26 (1964); Summers v. Summers, 69 Nev. 83, 241 P.2d 1097 (1952). The district court did not have personal jurisdiction over Mrs. Simpson since she is a domiciliary of Georgia and she did not appear in the divorce proceeding below.[2] Thus, it could not adjudicate Mrs. Simpson's rights to child custody, child support, and alimony.

We find no merit to Mr. Simpson's contention that Mrs. Simpson entered a general appearance and thereby subjected herself to the lower court's jurisdiction by raising the prior Georgia decree as a defense along with her motion to quash. She did not request relief additional to that necessary to protect her from service of process. *See* Davis v. District Court, 97 Nev. 332, 629 P.2d 1209 (1981). She merely argued that the district court did not have the requisite personal jurisdiction over her.

Accordingly, we grant the writ of mandamus and direct the district court to proceed with that part of petitioner's complaint requesting dissolution of the parties' marriage. For that limited purpose, the district court shall vacate its order quashing service of process on Mrs. Simpson.

---

[2]Petitioner Simpson does not contend that Nevada's long-arm statute, NRS 14.065(2)(e), provides the basis for personal jurisdiction over Mrs. Simpson, and we express no opinion on this issue.