CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, APPELLANT, v. THE STATE OF NEVADA, EQUAL RIGHTS COMMISSION, RESPONDENT.

No. 21586

July 3, 1991                                     813 P.2d 1006

*Rex Bell,* District Attorney, *Paul D. Johnson,* Deputy District Attorney, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City, *Keith D. Marcher,* Deputy Attorney General, Las Vegas, for Respondent.

---

[5]The Honorable Mills Lane, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. VI, § 4.

## OPINION

*Per Curiam:*

The Nevada Equal Rights Commission (NERC) received a complaint alleging that Clark County (the County) discriminated against an employee by failing to hire her for the position of Executive Assistant due to her age. In accordance with NRS 233.170(1), NERC held an informal meeting on February 15, 1990, in an attempt to mediate the dispute. This meeting proved unsuccessful, and an investigation was initiated, as mandated by NRS 233.170(2). To determine whether probable cause of age discrimination existed, NERC made requests to the Clark County General Services Department (General Services) for production of an eligibility list and selection procedures used in the hiring of the Executive Assistant position. However, NERC's request for these documents was denied. On May 15, 1990, NERC issued a subpoena compelling the Clark County Personnel Systems Manager to testify before NERC's executive director on June 7, 1990, and ordering General Services to produce documents at that time.

On June 5, 1990, the County filed a complaint seeking declaratory and injunctive relief to the effect that NERC's subpoena power cannot be invoked prior to exhaustion of the informal dispute resolution procedures of NRS 233.170(1) and (2).[1] The

---

[1]NRS 233.170 sets forth an order by which NERC is to conduct its investigations. It provides in pertinent part:

1. When a complaint is filed whose allegations if true would support a finding of unlawful practice, the commission shall hold an informal meeting to attempt a settlement of the dispute. To prepare for the informal meeting, the executive director may *request* from each party an information which is reasonably relevant to the complaint. No further action may be taken if the parties agree to a settlement.

2. If an agreement is not reached, the executive director of the commission shall *conduct an investigation* into the alleged unlawful practice. After the investigation, if the executive director determines that an unlawful practice has occurred, he shall attempt to mediate

district court denied the County's motion and found that NERC has power to issue subpoenas for private hearings held during the investigative stage of a case.

The County contends that NERC's power to issue and enforce subpoenas is limited to use in connection with authorized public hearings and that it may not require parties to produce any information prior to a public hearing. After review of the legislative intent and statutory amendments, we conclude that NERC has subpoena power for public hearings only.

Prior to 1977, NRS 233.070 authorized NERC to conduct private or public hearings with regard to its investigations. However, that statute was repealed in 1977 and the phrase "public or private hearings" was deleted. The new law set up a process for the receipt of a complaint, an informal meeting, an investigation and mediation if the matter was not resolved, and ultimately a "public hearing." Nowhere was reference made to a private hearing. This amendment to NRS 233.070 was made with NRS 233.150 in effect and it provided that the subpoena power granted to NERC exists only for "evidence relevant to any hearings conducted by the Commission." Therefore, the legislature granted NERC the power to subpoena documents only when relevant to a hearing, and eliminated NERC's right to hold private hearings. When a statute is repealed, it is ordinarily presumed that the legislature intended a substantial change in the law. McKay v. Bd. of Supervisors, 102 Nev. 644, 730 P.2d 438 (1986). The rules of statutory construction demonstrate that the legislature intended to prohibit NERC from issuing subpoenas during its investigative stage or for any private hearing.

Our conclusion is confirmed by legislative actions since 1977. In 1983, the Committee on Government Affairs attempted to have the legislature amend NRS 233.150 to specifically grant NERC subpoena power in connection with its investigations, as well as its hearings. *See* 62nd Session, Assembly Bill No. 93 (Jan. 26,

---

between or reconcile the parties. The party against whom a complaint was filed may agree to cease the unlawful practice. If an agreement is reached, no further action may be taken by the complainant or by the commission.

3. If the attempts at mediation or conciliation fail, the commission may hold a *public hearing* on the matter.

(Emphasis added).

1983). However, that bill was rejected. Administrative agencies have only those powers which the legislature expressly or implicitly delegates. Andrews v. Nevada State Board of Cosmetology, 86 Nev. 207, 467 P.2d 96 (1970). Because NRS 233.070 has been repealed, and the new statutory scheme does not mention private hearings, we conclude that the legislature intended the words "any hearings" to mean public hearings.

We hereby reverse the district court's decision and, on remand, we instruct the district court to permanently enjoin NERC from issuing subpoenas during the investigative stage of this case. *See* Boyes v. Valley Bank, 101 Nev. 287, 701 P.2d 1008 (1985) (where only legal issues are in dispute, this court may instruct the district court to enter a permanent injunction on remand); NRS 33.010(1).[2] Once NERC determines that a public hearing is necessary and notices the matter for hearing, it may issue subpoenas compelling production of any documents at a specific date, a reasonable time prior to the public hearing. *See* Brooks v. Pool-Leffler, 636 S.W.2d 113 (Mo.App. 1982). This will permit NERC to secure the necessary documents for review before the public hearing. Prior to the notice of public hearing, subpoena power is not available to NERC.

Accordingly, the case is reversed with instructions to the district court to issue the permanent injunction referred to in this opinion.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and BREEN, D. J.,[3] concur.

---

[2]NRS 33.010 provides, in pertinent part, that an injunction may be granted:

1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

[3]The Honorable Bob Miller, Governor, designated The Honorable Peter I. Breen, District Judge of the Second Judicial District, to sit in this case in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.