THE CITY OF RENO, Appellant/Cross-Respondent, v. CIVIL SERVICE COMMISSION OF THE CITY OF RENO, Respondent, and MARK MARKIEWICZ, Respondent/Cross-Appellant.

No. 35912

November 15, 2001                                    34 P.3d 120

[Rehearing denied March 27, 2002]

*Patricia A. Lynch,* City Attorney, and *Donald L. Christensen,* Deputy City Attorney, Reno, for Appellant/Cross-Respondent.

*Leslie T. Miller,* Reno, for Respondent Civil Service Commission.

*Michael E. Langton,* Reno, for Respondent/Cross-Appellant.

---

# OPINION

By the Court, SHEARING, J.:

Respondent/cross-appellant Mark Markiewicz was a police officer employed by the City of Reno. In 1996, Congress amended the Gun Control Act of 1968[1] to add certain provisions relating to domestic violence, and made it illegal for persons convicted of domestic violence misdemeanors to carry firearms.[2] Markiewicz

---

[1] 18 U.S.C. §§ 921 *et seq.*

[2] The relevant part of 18 U.S.C. § 922(g)(9) (1994 & Supp. V 2000) reads as follows:

> (g) It shall be unlawful for any person –
>> (9) who has been convicted in any court of a misdemeanor crime of domestic violence,
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any

had been convicted of a domestic violence misdemeanor, and the City informed him that, consequently, he would be discharged. Markiewicz filed a grievance with his union, and an arbitration proceeding was held. The arbitrator determined that the City may lay off police officers who are not allowed to carry firearms. Markiewicz rejected alternate employment in a non-police officer capacity, and the City laid him off. The City of Reno Civil Service Commission conducted hearings on the layoff and ultimately refused to approve it. The City then filed an application for writ of mandate, petition for judicial review or, in the alternative, complaint for declaratory judgment in the district court. The district court denied the application for writ of mandate and the petition for judicial review, but issued a declaratory judgment in the City's favor. Both the City and Markiewicz appealed.[3] We affirm the district court's judgment.

In the district court, the City requested alternative forms of relief, each of which would have the effect of approving the City's action in laying off Markiewicz from the police force. The district court chose to grant the declaratory judgment, holding that the City was not required to obtain approval for the layoff from the Civil Service Commission in these circumstances. According to the district court's reasoning, the City has the inherent authority to lay off a police officer who is not allowed to carry a firearm under federal law. We agree.

The City of Reno Civil Service Commission is created by Article IX of the Reno City Charter. Under section 9.050, the Commission has authority over:

> 1. All phases of the selection, appointment and promotion of employees in the civil service;
> 2. The appeal rights of such employees in regard to dismissal, demotion, suspension and disciplinary actions; and
> 3. The transfer of employees,
> together with all responsibilities assigned to the commission by this article.

---

firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[3]The City of Reno filed an appeal from the denial of the writ of mandate and the petition for judicial review. However, the original action in district court requested alternative forms of relief. The district court granted the declaratory judgment, which gave the City of Reno the relief requested. Therefore, the City of Reno is not an aggrieved party. It is not entitled to appeal, and therefore its appeal is dismissed. *See* NRAP 3A(a) (providing that only an aggrieved party may appeal); *Farnham v. Farnham,* 80 Nev. 180, 391 P.2d 26 (1964) (dismissing cross-appeal filed by successful party in district court action because that party was not aggrieved). Nevertheless, this court has jurisdiction by reason of the cross-appeal.

Section 9.140, entitled "Layoff," states:

> Whenever in the judgment of the city council it becomes necessary to reduce the staff of any city department such reduction of staff shall be accomplished pursuant to rules adopted by the commission designed to encourage interdepartmental transfers and other procedures tending to minimize the impact of layoffs.

Subsequently, the Commission established Rule XI, section 5 regarding layoffs, in which the opening paragraph reads as follows:

> Whenever it becomes necessary in any department, through lack of work or funds, abolishment of the job, or other good cause to reduce the work force in that department . . . personnel shall be laid off or reduced in grade according to the procedures established in this Rule.

Clearly, neither the city charter nor the rules established thereunder regarding layoffs contemplated the type of layoff presented in this case. The charter and rules regarding layoffs relate to a general reduction in force, not to the disqualification of an employee for his position. This court has held that "[a]dministrative agencies cannot enlarge their own jurisdiction."[4] The scope of an agency's authority is limited to the matters the legislative body has expressly or implicitly delegated to the agency.[5] Here, the Legislature has delegated power to the Civil Service Commission over layoffs resulting from a general reduction in force, not over layoffs necessitated by a disqualification for the position.

Markiewicz contends that his "layoff" is more appropriately described as a dismissal, and points out that under section 9.050 of the City Charter, the Commission does have jurisdiction over appeal rights of employees subject to dismissal. It is true that Markiewicz's "layoff" as a police officer is indefinite. However, there is every reason to believe, based on the testimony of the chief of police, that if his disqualification from legally possessing a firearm were removed, he would be returned to his police officer position. In that respect, the City's action is a layoff rather than a dismissal. Dismissal implicates the rules regarding disciplinary action, and all parties agree that the City's action was not

---

[4]*Southern Nev. Mem. Hosp. v. State,* 101 Nev. 387, 394, 705 P.2d 139, 144 (1985).

[5]*Clark Co. v. State, Equal Rights Comm'n,* 107 Nev. 489, 492, 813 P.2d 1006, 1007 (1991).

disciplinary. The sole reason for the layoff was that federal law makes Markiewicz ineligible to carry a firearm, a job qualification for a Reno police officer.

Furthermore, nowhere has the Civil Service Commission been given the authority to determine the qualifications for any particular job. That authority still is retained by department heads. The purpose of the Legislature in establishing the Civil Service Commission is "to provide the City of Reno with an efficient work force, with equity to all persons concerned."[6] The Civil Service Commission may make sure that all persons similarly situated are treated equally, but it does not have the authority to determine the qualifications for any particular position. Thus, even if the action taken with respect to Markiewicz were regarded as a dismissal, in denying approval on the basis that his position did not require possessing a firearm, the Civil Service Commission would have been exceeding its authority.

The judgment of the district court is affirmed.

YOUNG, ROSE, LEAVITT and BECKER, JJ., concur.

MAUPIN, C. J., with whom AGOSTI, J., agrees, dissenting:

I would reverse the declaratory judgment entered by the district court in this instance.

I agree that the action of the City taken with regard to Officer Markiewicz's employment did not involve a "layoff" situation addressed in section 9.140 of the Reno City Charter, however, section 9.050 of the City Charter gives the Commission authority over "[a]ll phases of the selection, appointment and promotion of employees in the civil service," and the "appeal rights of such employees in regard to dismissal, demotion, suspension and disciplinary actions." The majority reasons that the action taken by the City in this instance was a layoff rather than a dismissal because "[d]ismissal implicates the rules regarding disciplinary action, and all parties agree that the City's action was not disciplinary." In my view, section 9.050 of the charter uses the terms "dismissal" and "disciplinary actions" as separate concepts. Thus, I disagree with the majority and conclude that the action here was a dismissal subject to the Commission's appeal authority. That the disability that led to this dismissal may at some point be removed does not change the fact that the termination ends Officer Markiewicz's employment. He was dismissed, not terminated from employment as part of an administrative reduction in force (i.e., a layoff).[1]

---

[6]Reno, Nev., City Charter § 9.010 (1971) (as amended by 1973 Nev. Stat., ch. 553, § 9.010, at 883).

[1]Because there was substantial evidence to support the conclusions reached

Thus, as stated, I would reverse the declaratory judgment entered below. I would, however, affirm the district court's rulings on the City's claims for extraordinary relief and the City's petition for judicial review of the Commission findings.

---

at the administrative level by the Commission, the district court, in my view, correctly denied the City's separate claims for relief.