An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID AUGUST KILLE, SR.,
Appellant,
vs.
JAMES GREG COX,
Respondent.

No. 64480

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a petition for a writ of mandamus.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

In his October 12, 2012, petition, appellant claimed that the Nevada Department of Corrections' (NDOC) application of his good-time credits violated his constitutional rights. Given the nature of the relief sought by appellant, we conclude that the district court properly construed the petition as a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(2)(c).

Appellant first claimed that NRS 209.4465 was amended in 2007 to only permit credits earned by certain offenders to be applied to

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31011

their maximum term and not to the minimum term. Appellant asserted that as applied to him, the 2007 amendments to NRS 209.4465 constitute an ex post facto violation because he was convicted in 2003. Appellant's claim was without merit. "[T]he ex post facto prohibition . . . forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Weaver v. Graham*, 450 U.S. 24, 30 (1981) (italics omitted); *see also Stevens v. Warden, Nev. State Prison*, 114 Nev. 1217, 1222, 969 P.2d 945, 948 (1998) (discussing that computation of good-time credits on the basis of a law that became effective after the prisoner's offense violates the provision against ex post facto laws if the computation is less favorable to the prisoner).

In 2007, the legislature amended NRS 209.4465 to permit the NDOC to apply credits to certain offenders' minimum term for parole eligibility. *See* 2007 Nev. Stat., ch. 525, § 5, at 3176-77. However, the legislature did not permit the NDOC to apply credits to the minimum terms of offenders convicted of certain crimes, including sexual offenses. *See id.* (NRS 209.4465(8)). In 2003, appellant was convicted of sexual assault of a minor under 16 and attempted sexual assault of a minor under 16. Therefore, the 2007 amendments to NRS 209.4465 did not apply to appellant. In addition, when appellant was convicted in 2003, existing statutes did not permit the NDOC to apply credits to appellant's minimum terms. *See* 2003 Nev. Stat., ch. 259, § 13, at 1367-68 (NRS 209.4465); 1995 Nev. Stat., ch. 443, § 235, at 1259-60 (NRS 213.120). Therefore, appellant failed to demonstrate any ex post facto violation in

the application of his good-time credits, and the district court did not err in denying this claim.

Second, appellant claimed that NRS 209.4465(8) violated the Equal Protection Clause because it permits the NDOC to show preferential treatment to certain inmates. This claim was without merit as appellant was not a member of a suspect class, and there is a rational basis for treating more serious offenders differently from less serious offenders when applying credits that accelerate parole eligibility dates. *See Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000) (recognizing that the first step in an equal protection analysis is to determine the level of scrutiny to be applied, that strict scrutiny analysis is only applied in cases involving fundamental rights or suspect classes, and that under a lesser standard of review, legislation will be upheld "if the challenged classification is rationally related to a legitimate governmental interest"); *see also Graziano v. Pataki*, 689 F.3d 110, 117 (2d Cir. 2012) (recognizing that prisoners, whether in the aggregate or specified by offense, are not a suspect class and rational basis test will apply); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) (recognizing that prisoners are not a suspect class and applying rational basis test). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that application of NRS 209.4465 violates the Contract Clause of the United States Constitution, as he asserted that failure to apply credits to his minimum terms violated his guilty plea agreement. Appellant failed to demonstrate that his guilty plea agreement is encompassed by the Contract Clause. Moreover,

appellant failed to demonstrate that application of NRS 209.4465 actually impaired his guilty plea agreement because, as discussed previously, existing law when appellant was convicted did not permit the NDOC to apply credits to appellant's minimum terms. *See U.S. Trust Co. of N.Y. v. New Jersey*, 431 U.S. 1, 21, 25 (1977) (discussing that analysis of a claim involving the Contract Clause requires consideration of whether a law actually impairs a contract and whether that impairment is prohibited by the Constitution). Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that the NDOC violated the separation-of-powers doctrine by construing NRS 209.4465 to bar appellant from earning credits towards his minimum parole eligibility date. *See* Nev. Const. art. 3, § 1 (separating Nevada's government into three separate branches). Appellant's claim was without merit. Governmental agencies may only perform duties where granted the power to do so by the legislature. *Clark Cnty. v. State, Equal Rights Comm'n*, 107 Nev. 489, 492, 813 P.2d 1006, 1007 (1991). The legislature directed the NDOC to only award certain prisoners credits toward their minimum sentences. NRS 209.4465(8). Appellant, due to his convictions for sexual offenses, was not of the type of prisoners eligible to earn credits towards the minimum parole eligibility date. *See id.* Accordingly, the NDOC did not violate the separation-of-powers doctrine by acting as directed by the legislature. Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that NRS 209.4465 violates cruel and unusual punishment principles, his due process rights, the Double

Jeopardy Clause, and unspecified "rights retained by the people." Appellant provided these claims in the form of a list and did not provide any support. Unsupported claims, such as these, are insufficient to demonstrate that a petitioner is entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying these claims.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Nancy L. Allf, District Judge
David August Kille, Sr.
Attorney General/Las Vegas
Eighth District Court Clerk