# IN THE SUPREME COURT OF THE STATE OF NEVADA

SVETLANA SINGLETARY,
INDIVIDUALLY, AND AS THE
REPRESENTATIVE OF THE ESTATE
OF REGINALD SINGLETARY, AND AS
PARENT AND LEGAL GUARDIAN OF
GABRIEL L. SINGLETARY, A MINOR,
Appellant,
vs.
TON VINH LEE, DDS, INDIVIDUALLY;
FLORIDA TRAIVAI, DMD,
INDIVIDUALLY; AND TON V. LEE,
DDS, PROF. CORP., A NEVADA
PROFESSIONAL CORPORATION,
D/B/A SUMMERLIN SMILES,
Respondents.

No. 66278

FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART,
## REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment as a matter of law in a dental malpractice action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant brought dental malpractice claims against respondents, alleging that Ronald Singletary died as a result of respondents' negligence following a tooth extraction. At the close of appellant's case, respondents orally moved for dismissal under NRCP 41(b), arguing that appellant's dental expert failed to testify regarding standard of care to a reasonable degree of medical probability. The district court denied those motions. Subsequently, a jury found that both Summerlin Smiles and Dr. Florida Traivai were contributorily negligent, and awarded damages to appellant. Summerlin Smiles and Dr. Traivai filed motions for judgment as a matter of law on the same ground raised in their NRCP 41(b) motions. The district court granted the motions, finding that appellant's expert failed to provide standard of care and causation

16-32399

testimony to the required degree of certainty, and it entered judgment as a matter of law in favor of Summerlin Smiles and Dr. Traivai.

In deciding whether to grant an NRCP 50(b) motion, the district court "must view the evidence and all inferences in favor of the nonmoving party." *Nelson v. Heer*, 123 Nev. 217, 222, 163 P.3d 420, 424 (2007). "To defeat the motion, the nonmoving party must have presented sufficient evidence such that the jury could grant relief to that party." *Id.* at 222-23, 163 P.3d at 424. This court reviews a district court order granting a NRCP 50(b) motion de novo. *Id.* at 223, 163 P.3d at 425.

Having reviewed the parties' briefs and appendices, we conclude that the district court erred in granting judgment as a matter of law and finding that appellant's general dentistry expert failed to state his standard of care opinions to the required reasonable degree of medical probability. The district court determined that the dental expert's testimony should have been stricken as inadmissible because the expert did not use the phrase "to a reasonable degree of medical probability" in rendering his opinion on the standard of care following a tooth extraction. We conclude that this finding was in error. While medical expert testimony regarding standard of care must be made to a reasonable degree of medical probability, there is no requirement that the specific phrase "reasonable degree of medical probability" must be used by the expert in their testimony. *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 157-58, 111 P.3d 1112, 1115-16 (2005). Thus, the district court should have considered the nature, purpose, and certainty of the dental expert's testimony rather than whether he uttered a specific phrase. *Id.; see FCH1, LLC. v. Rodriguez*, 130 Nev., Adv. Op. 46, 335 P.3d 183, 188 (2014) (recognizing that "the refrain is functional, not talismatic," and in evaluating such testimony, the district court should "consider[ ] the

purpose of the expert testimony and its certainty in light of its context" rather than listen for specific words (citing *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 530, 262 P.3d 360, 368 (2011))).

In this case, the expert's opinions were based on his extensive experience as a practicing dentist, including his experience performing tooth extractions, and his review of the documents and records in this case. In testifying that the standard of care requires antibiotic treatment and/or follow-up care to determine whether the patient is experiencing symptoms of infection and that Summerlin Smiles and Dr. Traivai breached that standard, appellant's expert did not use speculative, hypothetical, or equivocal language. Appellant's expert provided a definitive opinion as to the standard of care and its breach in this case, stating that Singletary's infection could have been controlled with antibiotics, that the use of antibiotics is common practice, and that it was a violation of the standard of care not to follow up with Singletary. Although the district court also found that appellant's expert failed to provide causation testimony with the required degree of certainty, appellant's infectious disease expert testified that Singletary died from an infection and swelling that spread from the site of his removed tooth into his neck and the area around the lung space, but that if Singletary had been given antibiotics in the days following the tooth extraction he would not have died, and the infectious disease expert specifically stated that his opinion was made "to a reasonable degree of medical probability." We therefore reverse the district court's judgment as a matter of law and direct the district court to reinstate the jury's verdict.

Appellant also challenges the district court's award of costs to respondent Ton Vinh Lee, D.D.S. Appellant, however, expressly asked the district court to award Dr. Lee half of the costs requested in his motion.

Appellant therefore lacks standing to appeal the costs award because she is not aggrieved by that order. NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994); *Farnham v. Farnham*, 80 Nev. 180, 391 P.2d 26 (1964) (holding that party who prevails in the district court is not "aggrieved"). Regardless, appellant did not argue that Dr. Lee failed to file a memorandum of costs in the district court, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a point not raised in the district court is deemed to have been waived and will not be considered on appeal), and the argument otherwise lacks merit because Dr. Lee did provide a memorandum of costs. We therefore affirm the award of costs to Dr. Lee. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[1]In light of this order, we need not address appellant's other assignments of error.

Respondents' request that we instruct the district court to address certain issues regarding statutory caps and remittitur is denied as the district court entered judgment as a matter of law without considering those issues and those issues should be addressed in the district court in the first instance.

cc: Hon. Jerry A. Wiese, District Judge
James J. Jimmerson, Settlement Judge
Patin Law Group, PLLC
Baker Law Offices
Marquis Aurbach Coffing
Maupin Naylor Braster
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
David N. Frederick
Horvitz & Levy, LLP
Stark Friedman & Chapman
Eighth District Court Clerk